**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARIA DE LA CRUZ MAGOWAN,<br>Appellant, | DOCKET NUMBER<br>DC-1221-16-0390-W-1 |
| v. | |
| ENVIRONMENTAL PROTECTION<br>AGENCY,<br>Agency. | DATE: February 7, 2023 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Maria de la Cruz MaGowan, Bethesda, Maryland, pro se.

Alexandra Meighan, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2        In this appeal, the appellant, a GS-14 Program Analyst, alleged that the agency issued her an official reprimand in reprisal for her April 2003 protected disclosure to the agency's Office of Inspector General (OIG).  Initial Appeal File (IAF), Tab 1, Tab 8 at 5.  She asserted that the reprimand was part of an unabated series of retaliatory actions that began at the time of her April 2003 disclosure and became worse after the arrival of her current supervisor in 2010.  IAF, Tab 8 at 5.  She argued that she exhausted her administrative remedies before the Office of Special Counsel (OSC) and that she had made the requisite nonfrivolous allegations that she made a protected disclosure that was a contributing factor in the agency's decision to take a personnel action, i.e., the official reprimand.  *Id.* at 6.

¶3        Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that, even though the appellant showed that she had exhausted her administrative remedies before OSC, she failed to make a nonfrivolous allegation that she made a protected disclosure and, even if she had done so, she failed to make a nonfrivolous allegation that her disclosure was a contributing factor in the agency's decision to issue the official reprimand.  IAF, Tab 12, Initial Decision (ID).  In her petition for review, the appellant argues that the Board already has found that she made nonfrivolous allegations that her April 2003 disclosure was protected and was a contributing factor in the agency's decision to take or fail to take a personnel action.  Petition for Review (PFR) File, Tab 1 at 1-2.  The agency has filed a response in opposition to the appellant's petition for review and the appellant has filed a reply to the agency's response.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4        The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that:   (1) she engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.  *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 6 (2016); *see also Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).[2] As noted above, the administrative judge dismissed this appeal based on the written record without holding a hearing because he found that, while the appellant did show that she exhausted her administrative remedies before OSC, she failed to make a nonfrivolous allegation that she made a protected disclosure and that, even if she did, she failed to allege that it was a contributing factor in the agency's decision to issue the official reprimand.  ID at 8-10.  The agency has not challenged, and we discern no basis to disturb, the administrative judge's finding that the appellant showed that she exhausted her administrative remedies before OSC.  However, for the reasons set forth below, we find that the appellant has made the requisite nonfrivolous allegations to establish the Board's jurisdiction.

The appellant nonfrivolously alleged that she made a protected disclosure that was a contributing factor in her official reprimand.

¶5        On review, the appellant asserts that the disclosure involved in this appeal is the same April 2003 disclosure reported in her prior IRA appeals.  PFR File, Tab 1 at 2.  The Board previously has found that the appellant nonfrivolously

---

[2] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues.  However, pursuant to the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction.  *See* 5 U.S.C. § 7703(b)(1)(B). Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

alleged that she disclosed both a violation of law and a gross waste of funds in this April 2003 disclosure to the OIG. *MaGowan v. Environmental Protection Agency*, 119 M.S.P.R. 9, ¶ 7 (2012). For the same reasons as set forth in our prior Opinion and Order, we find that the appellant has nonfrivolously alleged that she made a protected disclosure here. *Id.*

¶6        The appellant further contends that the same protected disclosure was a contributing factor in the agency's decision to issue her an official reprimand. PFR File, Tab 1 at 4; IAF, Tab 1 at 5, 7-8; Tab 8 at 5. The administrative judge found that, given that the protected activity occurred in 2003 and the reprimand took place in 2015, the appellant failed to nonfrivoulously allege that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor to the reprimand. ID at 4. In our prior Opinion and Order, however, we explained that, to satisfy the contributing factor criterion at the jurisdictional stage, the appellant need only nonfrivolously allege that the fact of, or the contents of, the protected disclosure in any way affected the personnel action at issue. *MaGowan*, 119 M.S.P.R. 9, ¶ 9. Thus, the appellant need not nonfrivolously allege that she met the knowledge/timing test to satisfy the criterion.[3] *Id.*, ¶ 9 n.3.

¶7        There, we credited the appellant's allegations that her supervisor had asked about her April 2003 protected disclosure and that she had subsequently provided

_____

[3] The knowledge/timing test allows an appellant to demonstrate that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the deciding official had knowledge of the disclosure and acted within such a time period that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). However, the knowledge/timing test is not the only way for an appellant to satisfy the contributing factor standard; rather, it is only one of many possible ways to satisfy the standard. *Id.* Other relevant evidence on the contributing factor question includes the strength of the agency's evidence as to the reasons it cited for taking the personnel action, whether the whistleblowing disclosure was personally directed at the proposing or deciding officials, and whether these individuals had a desire or motive to retaliate against the appellant. *Id.*, ¶ 15.

her supervisor a copy of the OIG's report regarding her allegations just 6 months before the agency took the 2010 personnel action at issue in that IRA appeal. *Id.*, ¶ 10. Thus, even though the disclosure itself predated the personnel action by many years, we found that the May 2010 inquiry initiated by the appellant's supervisor into those disclosures raised a material issue about the agency's reasons for the personnel action, and constituted a nonfrivolous allegation that her April 2003 disclosure to the OIG was a contributing factor to that 2010 personnel action. *Id.*, ¶ 10; *see, e.g.*, *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012) (explaining that any weight given to a whistleblowing disclosure, either alone or in combination with other factors, can satisfy the contributing factor standard).

¶8        In this IRA appeal, the appellant has asserted before OSC and the Board that the personnel action at issue here is part of a series of retaliatory actions that has continued unabated from when her supervisor inquired about her protected disclosures in May 2010 through the issuance of the official reprimand. IAF, Tab 1 at 5, 7-8, 15-16. The appellant alleged that, since inquiring about her disclosure in 2010, her supervisor has engaged in a series of threatening actions. *Id.* at 15.[4] After one such episode in June 2015, she alleged that she went to court to seek a temporary restraining order against the supervisor, who issued the reprimand involved here just over 4 months later. *Id.* Therefore, although the administrative judge correctly found that the appellant failed to nonfrivolously allege that she met the knowledge/timing test, we nevertheless find that the appellant instead has nonfrivolously alleged that she met the contributing factor

---

[4] We agree with the administrative judge that the only personnel action at issue in this IRA appeal is the October 2015 reprimand. ID at 8, n.6. To the extent the appellant's claims concern events other than the reprimand, those claims are being adjudicated separately in *MaGowan v. Environmental Protection Agency*, MSPB Docket No. DC-1221-15-0671-B-1. *See Savage* v. *Department of the Army*, 122 M.S.P.R. 612, ¶ 23 (2015) (finding that a hostile work environment itself may constitute a covered personnel action under the WPA), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25.

criterion by raising a material issue about the agency's reasons for issuing the reprimand. *See Dorney*, [117 M.S.P.R. 480](#), ¶¶ 14-17 (finding that the length of time between a disclosure and a personnel action is not dispositive on the issue of contributing factor and evidence raising a material issue regarding the agency's evidence for taking the action should be considered when an appellant is unable to satisfy the knowledge/timing test). Thus, we similarly find that the appellant has nonfrivolously alleged that her protected disclosure was a contributing factor in the issuance of the official reprimand. *MaGowan*, [119 M.S.P.R. 9](#), ¶ 10; *Agoranos v. Department of Justice*, [119 M.S.P.R. 498](#), ¶¶ 22-23 (2013) (finding that, because the appellant was subjected to a continuum of related personnel actions beginning shortly after his disclosure, he met the contributing factor criterion); *see also Hessami v. Merit Systems Protection Board*, [979 F.3d 1362](#), 1364, 1369 (Fed. Cir. 2020) (finding that, whether the appellant has nonfrivolously alleged that protected disclosures or activity contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face).

¶9        Consequently, we find that the appellant established OSC exhaustion regarding her 2015 reprimand, and that she made nonfrivolous allegations sufficient to entitle her to a hearing on the merits of her claim that the agency issued her the reprimand in reprisal for that protected disclosure. To prove her claim on the merits, the appellant must show by preponderant evidence that her disclosure was a contributing factor in the agency's personnel action. *E.g.*, *Chavez v. Department of Veterans Affairs*, [120 M.S.P.R. 285](#), ¶ 17 (2013). If the appellant proves her claim on the merits, the agency then may attempt to establish by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure. *Id*.

**ORDER**

¶10     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:            /s/ for
                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.